**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-01056-RM-NYW

JEFFREY ALLEN, an individual,

      Plaintiff,

v.

UNITED SERVICES AUTOMOBILE ASSOCIATION,
a Texas corporation,

      Defendant.

---

## ORDER ON PLAINTIFF'S MOTION TO STAY

---

Magistrate Judge Nina Y. Wang

This action is before the court on Plaintiff Jeffrey Allen's "Motion to Stay Pending Ruling on Certified Questions in Parallel Case" ("Motion to Stay"). [#22, filed August 3, 2016]. The Motion to Stay was referred to the undersigned Magistrate Judge pursuant to the Order Referring Case dated June 22, 2016 [#11] and the memorandum dated October 24, 2016 [#29]. Upon review and consideration of the Motion, the accompanying briefs, the entire case file, and the applicable law, this court ORDERS that the Motion to Stay is DENIED.

## BACKGROUND

Plaintiff Jeffrey Allen commenced this civil action on May 9, 2016 by filing a Class Action Complaint against Defendant United Services Automobile Association ("Defendant" or "USAA") alleging that USAA "represents that its coverage will cover accident-related injuries but fails to disclose to its insureds a time limitation on medical payments coverage under their

Colorado medical payment coverages," in violation of Colorado Revised Statute § 10-4-635 ("Med-Pay statute"). [#1 at ¶ 2]. The action is brought on behalf of all insureds of USAA who have incurred damages including but not limited to loss of benefits associated with coverage for medical payments ("Med-Pay"). The class consists of two subclasses: those "who suffered injuries in a covered automobile accident, and whose claims did not exceed $5,000 or the dollar amount of Med-Pay coverage provided in the policy, whichever is greater" (the "Denied and Deterred Claims Subclass"); and those "whose policies remain in effect, or will become effective, during and/or after the pendency of this litigation, or who are members of the Denied and Deterred Claims Subclass" (the "Injunction Subclass"). [#1 at 12-13]. Plaintiff asserts the following five claims for relief: (1) Deceptive Trade Practices-Violation of C.R.S. § 6-1-105(1) (Plaintiff and All Subclasses); (2) Bad Faith Breach of Insurance Contract (Denied and Deterred Claims Subclass); (3) Violation of C.R.S. § 10-3-1115 (Denied and Deterred Claims Subclass); (4) Declaratory Relief (Injunction Subclass); and (5) Breach of Contract (Denied and Deterred Claims Subclass). Plaintiff invokes federal diversity jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).

Upon Defendant's unopposed motion, the court continued the Scheduling Conference originally set for July 14, 2016 to August 5, 2016. *See* [#14; 16]. On August 3, 2016, Plaintiff filed the Motion to Stay, on the basis that another court in this District has certified questions regarding the legality of Med-Pay time limits directly to the Colorado Supreme Court in a case he contends is parallel to this one, *Nguyen v. American Family Mutual Ins. Co.*, No. 15-CV-00639-WJM-KLM [ECF No. 52] (D. Colo. Oct. 8, 2015). *See* [#22]. At the Scheduling Conference, this court discussed the Motion to Stay with the Parties, set a second Scheduling

Conference, and ordered the Parties to file a status report on or before October 4, 2016.  [#23].

The Parties briefed the Motion to Stay, *see* [#24; #25], and USAA filed an Answer on September

26, 2016.  [#26].

The Parties timely submitted their Joint Status Report advising that the Colorado

Supreme Court had not yet ruled on whether to accept the certified questions in *Nguyen*.  [#27].

Plaintiff restated his position that the court should stay the entire case pending a ruling from the

Supreme Court, but conceded that discovery should commence if the court permits USAA to file

an early dispositive motion.  [*Id.*]  USAA communicated its intention to file an early motion for

summary judgment as to Mr. Allen's claims, as well as its position that the motion does not

require the Parties to engage in discovery.  Nonetheless, USAA did not object to the Parties

commencing non-class discovery of Mr. Allen's claims, to the extent Plaintiff believes such

discovery is necessary.  [*Id.*]  The Parties represented they would file a proposed scheduling

order in advance of the second Scheduling Conference.  [*Id.*]

The Parties did not submit a proposed scheduling order and this court converted the

October 11, 2016 Scheduling Conference into a Status Conference, at which the undersigned

further discussed with the Parties the Motion to Stay and the need for a pre-trial schedule.  *See*

[#28].  During that October 11 Status Conference, this court set another Scheduling Conference

to be held December 16, 2016.  Thereafter, on October 24, 2016, the presiding judge, the

Honorable Raymond P. Moore, referred the Motion to Stay to the undersigned.  *See* [#29].  On

December 13, 2016, USAA filed the Motion for Summary Judgment, seeking entry of summary

judgment on Mr. Allen's claims.  *See* [#30].

**ANALYSIS**

Plaintiff characterizes the theories of liability in this lawsuit as follows: the one-year time limit on Med-Pay coverage imposed in USAA's automobile insurance policies is void because it violates Colorado's statutory requirements for coverage of all medical expenses; and USAA failed to disclose the time limit as required by Colorado law. [#22 at 1].  Plaintiff contends that a stay of this action is appropriate because the questions the Honorable William J. Martinez certified to the Colorado Supreme Court in *Nguyen* would allow the Court to clarify the law underlying the claims advanced here. [*Id.* at 3].

USAA does not oppose a stay of discovery at this stage, but objects to a stay of the case in its entirety on the basis that a ruling in *Nguyen* would have no impact on its Motion for Summary Judgment.  [*Id.* at 1]; *see* [#24].  USAA argues that even if the Colorado Supreme Court accepts the questions for certification, the only question relevant to Mr. Allen's claims is whether Colorado law prohibits insurers from imposing a time limit on Med-Pay coverage.  [#24 at 1].  USAA contends that this question has been resolved in its favor "by every state and federal court to have addressed the issue, and there is no reason to believe the Colorado Supreme Court will diverge from these holdings."  [*Id.* at 1-2 (emphasis omitted)].

I.      **Applicable Law**

Whether to stay discovery is a matter left to the sound discretion of the trial court.  *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990).  Although courts in this District generally disfavor the stay of all discovery, *see Wason Ranch Corporation v. Hecla Mining Co.*, No. 07–cv–00267– EWN–MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007), such a stay may be appropriate pending the resolution of a dispositive motion.  *Ellis v. J.R.'s County Stores, Inc.*, 12–cv–01916–

4

CMA–KLM, 2012 WL 6153513, at *1 (D. Colo. Dec. 11, 2012). *See also* Fed. R. Civ. P. 26(c) (authorizing the court to issue, for good cause shown, "an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense"). The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings, however the power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

In determining whether a stay is appropriate, the court weighs interests such as whether defendants are likely to prevail in the civil action, whether defendants will suffer irreparable harm, whether the stay will cause substantial harm to other parties to the proceeding, and the public interests at stake. *United Steelworkers of Am. v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003). The court may also consider plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay, the burden on the defendants, and the convenience to the court. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02–CV–01934–LTB–PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (citing *FDIC v. Renda,* No. 85–2216–O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)). "[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided." *Ellis*, 2012 WL 6153513, at *1 (quoting 8 Charles Alan Wright, et al., *Federal Practice & Procedure* § 2040, at 521–22 (2d ed.1994)) (further citations omitted). *See also Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a

dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.") (internal quotation marks and citation omitted).

## II.   Application

### A.   Similarities Between the Present Case and *Nguyen v. American Family Ins. Co.*

In *Nguyen v. American Family Ins. Co.*, plaintiffs Mong-Tuyen Nguyen and Brandi Wallace asserted identical claims, also in a class action complaint, regarding defendants' American Family Mutual Insurance Company ("American Family") and USAA General Indemnity Company ("USAA General") inclusion of a one-year time limitation in Med-Pay coverage. *Nguyen*, 15-cv-00639-WJM-KLM, [ECF Nos. 1, 50].  Plaintiff Nguyen sued pursuant to a policy she purchased from American Family; Plaintiff Wallace sued pursuant to a policy issued by USAA General to her spouse under which she was covered.  These plaintiffs' legal theories were the same as Mr. Allen's, i.e., the time limitation violates Colorado law, or the defendants failed to disclose the time limitation in their summary disclosures.  The same attorneys who represent Mr. Allen represented the Nguyen plaintiffs, and the same attorneys who represent USAA here represented USAA General. *Compare* [#1] *with Nguyen*, 15-cv-00639-WJM-KLM, [ECF 50].  American Family moved to dismiss the complaint for failure to state a claim, plaintiffs moved the court to certify questions to the Colorado Supreme Court, and USAA General filed an early motion for partial summary judgment. *Nguyen*, 15-cv-00639-WJM-KLM, [ECF Nos. 14, 21, 33].  The plaintiffs' original complaint in the *Nguyen* asserted only four claims.  With leave of court and after the motion to dismiss, motion to certify, and motion for partial summary judgment were fully briefed, plaintiffs added a fifth claim for breach of

contract; the amended complaint did not moot the then-pending motions. *See id.* at [ECF Nos. 48, 50].

As is relevant here, USAA General moved for summary judgment[1] on several bases: a time limitation on Med-Pay benefits is not void under Colorado law; to the extent USAA owed a duty to disclose, it owed that duty to the policyholder or applicant, not Plaintiff Wallace, and USAA General did disclose the time limitation in the policy; and Plaintiff Wallace's claims are time-barred. *Id.* at [ECF No. 33 at 2]. First, USAA relied on Tenth Circuit, District of Colorado, and Colorado state opinions and orders to assert that courts have rejected the contention that the Med-Pay statute prohibits time limits on Med-Pay coverage. *Id.* at [ECF No. 33 at 6 (citing *Countryman v. Farmers Ins. Exch.*, 545 F. App'x 762, 766 (10th Cir. 2013); *Baker v. Allied Prop. & Cas. Ins. Co.*, 939 F. Supp. 2d 1091, 1102-03 (D. Colo. 2013); *Cortez v. USAA GIC Cas. Ins. Co.*, No. 11CV148, ¶¶ 18-19 (Dist. Ct., Garfield Cnty., Colo. Aug. 31, 2012))]. USAA General argued it could not "knowingly violate a requirement to provide time-unlimited med-pay benefits when there is no indication that such a requirement even exists," *id.* at [ECF No. 33 at 7], and that Wallace's inability to demonstrate knowledge or unreasonable conduct as to USAA General precluded her claims for violation of Colorado Consumer Protection Act ("CCPA"), Colo. Rev. Stat. § 6-1-105, and for common-law and statutory bad faith. With respect to the second theory of liability, that USAA General failed to disclose the time limitation in its summary disclosure, USAA General argued it owed no duty to disclose to Wallace, as opposed to the policyholder. USAA General further argued the summary disclosure included the statutorily required language regarding Med-Pay, and the text of that disclosure expressly

---

[1] The motion was styled "partial" because Nguyen asserted no claims against USAA General; the motion sought dismissal of all of Wallace's claims.

advised the policyholder "that he should read the complete policy and that all coverage under the Policy was subject to the terms, conditions, and exclusions contained therein." *Id.* at [ECF No. 33 at 9]. Finally, USAA General argued that Wallace's claims were time-barred under the applicable one-, two-, and three-year statutes of limitations because she did not commence the action until three and a half years after she had constructive and actual knowledge of the one-year Med-Pay time limitation. *Id.* at [ECF No. 33 at 13].

Upon review of the motions and accompanying briefs, Judge Martinez granted USAA General and American Family's motions in part and dismissed the CCPA and bad faith claims with prejudice, and denied the motions without prejudice as to the declaratory judgment and breach of contract claims. *Nguyen*, 15-cv-00639-WJM-KLM, [ECF No. 52]. Judge Martinez also granted the motion to certify in part, and certified the following questions:

> a. Does Colorado Revised Statute § 10-4-635 ("Med-Pay statute"), or any other principle of Colorado law or public policy, prohibit an insurer from imposing a time limit on coverage provided under the Med-Pay statute?
> b. If the answer to the first question is no, does the Med-Pay statute, or any other principle of Colorado law or public policy, restrict an insurer's choice of the time limit to impose?
> c. If the answer to the second question is yes, by what standard does a court judge whether the insurer has imposed a permissible time limit?

*Id.* at [ECF No. 52 at 26]. Judge Martinez found that even if the Colorado Supreme Court accepted the questions for certification and ruled "yes" as to the first question, plaintiffs could not prevail on their CCPA and bad faith claims as a matter of law.[2]

Similar to Ms. Wallace, Mr. Allen challenges the validity of the one-year Med-Pay limitation contained in a policy issued to a third party, Ellen Allen. USAA's pending Motion for

---

[2] Judge Martinez reached this conclusion in part by considering issues not raised by the defendants, and which this court need not pass on at this time because they do not materially affect the findings contained herein. *See id.* at [ECF No. 52 at 16-18].

Summary Judgment contends, as USAA General's motion asserted, that any duty of disclosure was owed to Ms. Allen not Plaintiff; the one-year time limitation was disclosed in the policy; and Plaintiff filed this lawsuit almost ten years after USAA disclosed the one-year limitation.  [#30]. USAA relies on the same cases cited by USAA General to argue that Colorado law does not prohibit Med-Pay time limitations, and raises the same objection that these rulings "preclude any finding that USAA acted with the level of wrongful intent or culpability required to succeed on Plaintiff's tort claims." [*Id.* at 7-8].  USAA also contends that all of Plaintiff's claims are time-barred.  As Ms. Wallace had, Mr. Allen acknowledges that the one-year limit is set forth in the policy itself, but contests validity based on USAA's alleged nondisclosure in the summary disclosure.  *Compare* [*id.* at 11] *with Nguyen*, 15-cv-00639-WJM-KLM, [ECF No. 33 at 8]. Specifically, with respect to the breach of contract claim, USAA argues "Plaintiff must first establish a basis to judicially reform the Policy before he can show that USAA breached it." [#30 at 6 (citing #1 at ¶¶ 94-96)].  USAA argues that "[o]nly if the Policy is reformed to exclude the time limit and provide for time-unlimited coverage would USAA's denial of coverage for medical fees incurred beyond the one-year limitation constitute a breach of the Policy."  [#30 at 6].  In addition, USAA posits, "reformation is only retroactive when the insurer should have anticipated that the coverage provided did not comply with Colorado law," and Plaintiff cannot demonstrate this element considering the current state of Colorado law.  [*Id.* at 8 n.2].

### B.      The Parties' Arguments

Guided by the background set forth above, this court now considers the Parties' arguments with respect to whether this action should proceed or be stayed.  With reference to the factors articulated in *String Cheese Incident*, Plaintiff asserts that he is the Party seeking the stay and will not be prejudiced "as long as the stay applies equally to both parties and all proceedings in this case."  [#22 at 4].  He argues the "legal allegations" presented here are substantively the same as in *Nguyen*, and it "profits no one to repetitively litigate a novel question of state law that will soon be definitively resolved."  [*Id.*]  Plaintiff asserts that USAA suffers no additional burden under a stay; rather, a stay allows both Parties to conserve resources[3] and similarly spares the court unnecessary use of judicial resources.  Plaintiff posits that the court can better manage the case, including issues relating to class certification, once the law and scope of his claims are known; and, if the court moves ahead before the Colorado Supreme Court rules, it may needlessly duplicate its efforts if the Colorado Supreme Court's ruling requires the court and the Parties to revisit the time limit issue.  Moreover, "a stay will preserve the status quo until the legality of USAA's policy term is known, which will set the scope of the issues for further briefing and discovery."  [*Id.*]  Finally, Plaintiff acknowledges the final two factors are neutral, as "there are no nonparties with an interest in whether this case is stayed," and the "only potential public interest" is the public's general interest in a swift and just resolution of claims. [*Id.* at 5].  USAA argues that the certified questions concern the reasonableness of the length of specific Med-Pay time limits, which is not implicated by Plaintiff's claims, and thus the

---

[3] Plaintiff filed the Motion to Stay and argued that "USAA has barely begun its defense of this action," before USAA had filed its Answer or Motion for Summary Judgment.

questions will not simplify the issues presented here nor conserve resources. *See generally* [#24].

Without endorsing USAA's characterization of the certified questions or the impact the ruling of the Colorado Supreme Court could have on this case, this court concludes that a stay will not significantly conserve resources or streamline issues. Judge Martinez anticipated that answers to the certified questions would impact plaintiffs' claims for breach of contract and declaratory relief alone. Notably, USAA General and American Family did not brief the breach of contract claim in *Nguyen* because they filed their respective motions before plaintiffs amended their pleading to add that claim. In this case, USAA has moved for summary judgment on all claims, including the breach of contract claim, and has presented arguments that were not before the court in *Nguyen*.[4] The interest of all involved in moving forward to a judicial resolution of Plaintiff's claims outweighs the benefit of receiving the relevant but not necessarily dispositive instruction regarding the Med-Pay statute from the Colorado Supreme Court, particularly because it is entirely unclear whether the Colorado Supreme Court will accept the questions for certification, or when.

## CONCLUSION

Therefore, based on the reasons set forth above, **IT IS ORDERED** that:

(1)     The Motion to Stay Pending Ruling on Certified Questions in Parallel Case [#22]

is **DENIED**; and

---

[4] This court notes that USAA's Motion for Summary Judgment is pending before Judge Moore and nothing in this Order should be construed as this court passing on the merits of Plaintiff's claims.

11

(2)     As stated on the record during the Status Conference held before the court on

December 16, 2016, a Scheduling Conference is **SET** for **February 2, 2017** at

**11:00 a.m.** before the undersigned Magistrate Judge, with a proposed Scheduling

Order DUE no later than seven (7) days prior to that Scheduling Conference.


DATED December 16, 2016                          BY THE COURT:


                                                s/ Nina Y. Wang
                                                Nina Y. Wang
                                                United States Magistrate Judge